The material words of the sheriff's bond on which this suit is brought, are that he "shall well and truly account for and pay into the hands of the county trustee for the time being all such sum or sums of money as may be or shall come into his hands, or which he ought to collect for the use of the county, and in all things comply with the acts of the General Assembly in such case made and provided." By the acts of 1808 the sheriff of the county is authorized and empowered to collect the taxes laid for the erection and repairs of the public buildings, and he is required to pay the same to the treasurer of public buildings. And in making the settlement, paying the money, etc., he is made subject to the same rules as in making his settlement with and paying the money to the county trustee. And it is further declared that he shall not be reelected sheriff unless he shall have produced the receipt of the treasurer of public buildings. As the words of the act are not imperative that he shall collect, but only that he is authorized and empowered, some doubt may be entertained whether a bare omission to collect is a breach of official duty; but I think there can be none as to his not paying over money which he has actually collected by virtue of his office and not barely under color of his office. The act complained of is, therefore a breach of official duty; it is the withholding from the proper person money which came into his hands as sheriff. But it is said that this bond does not extend to this case, because the act of 1808 does not require that any bond should be given by the sheriff to discharge the duty authorized by that act, and that all the words of this bond are referable to other duties. I think the inference is not correct. When an act of Assembly directs that all sheriffs, clerks, etc., shall give bonds for the faithful discharge of their duties, the (292) bond becomes attached to the officer, and when afterwards new or other duties are attached to the office they become obligatory at least on all future incumbents; and these official bonds embrace those new duties as well as the old. When the Legislature passed the act of 1808, it was unnecessary to declare that the sheriff should give bond for his performance of them, for it was secured by the official bond which by prior laws was attached to the office. To declare this again would be unnecessary. Where highly responsible duties are superadded, it might be prudent to increase the penalty of the bond. Had this additional duty been added after the bond in question had been executed perhaps the securities might have reason to complain, for they might be willing to become responsible that their principal should perform all duties by *Page 158 
the laws imposed, and yet be unwilling to undertake for those imposed by after-made laws (if such be the fact, I beg to be understood as expressing no opinion). But such is not the case; no after-duty is imposed; for the sheriff was authorized to collect these taxes by prior laws. And if the bare appointment to the office did not make this an official duty, but the official breach was in omitting to pay over the taxes after having collected them, it is to be remembered that they, his securities, afforded to him the power of acting as sheriff; and should be answerable for all county moneys which he collected by virtue of his office, not barely under color of his office.
PER CURIAM. Affirmed.
Cited: Boger v. Bradshaw, 32 N.C. 232; McKenzie v. Buchanan, 51 N.C. 33;Wilmington v. Nutt, 78 N.C. 180; S. c., 80 N.C. 267.
(293)